# MANDATE

09-4086-cr
U.S. v. Price

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of August, two thousand and ten.

PRESENT:

    ROGER J. MINER,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
           *Circuit Judges.*

-----------------------------------------x
UNITED STATES OF AMERICA,

        *Appellee,*

        -v.-                             No. 09-4086-cr

ROBERT PRICE, also known as Bam, also known as Gus,

        *Defendant-Appellant.*
-----------------------------------------x

**FOR DEFENDANTS-APPELLANT:**    RANDALL UNGER (Elizabeth E. Macedonio, on the brief), Bayside, NY.

**FOR APPELLEE:**    JAMES LOONAM, Assistant United States Attorney (Benton J. Campbell, United States Attorney, *on the brief*; Berit W. Berger, Emily Berger, and Daniel Silver, Assistant United States Attorneys, *of counsel*), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

MANDATE ISSUED ON 09/28/2010

Appeal from a September 25, 2009 amended judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Robert Price appeals from an amended judgment of the District Court entered on September 25, 2009, denying his request for resentencing pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Price contends that the District Court's refusal to reduce a previously imposed sentence in light of a retroactive amendment to the Sentencing Guidelines resulted in a sentence that was procedurally and substantively unreasonable.

We assume the parties' familiarity with the underlying facts and procedural history of the case, but a brief review is appropriate. On May 20, 2005 the District Court sentenced Price principally to two concurrent terms of life imprisonment for conspiring to distribute and to possess with the intent to distribute fifty grams or more of cocaine base and one kilogram of more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (count one) and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count twenty-one).[1] Price filed a timely appeal. In an unpublished decision, we affirmed the judgment of the District Court but remanded Price's case for resentencing on count twenty-one because § 841(b)(1)(C) imposes a statutory maximum term of 20 years' imprisonment. *United States v. Price*, 204 F. App'x 993 (2d Cir. 2006).

Between the District Court's two judgments of conviction, the Sentencing Commission amended the Guidelines twice: once to reduce the base offense level associated with cocaine base, U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007), and a second time to make that amendment retroactive, U.S.S.G. Supp. App. C, Amdt. 713 (effective Mar. 3, 2008). *See generally United States v. Dillon*, 130 S. Ct. 2683, 2688 (2010). At Price's second sentencing hearing, he asked the District Court to reduce his sentence for count one pursuant to 18 U.S.C. § 3582(c)(2), which permits reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Price's motion was denied. On September 25, 2009, the District Court entered an amended judgment of conviction, sentencing Price principally to life imprisonment on count one and to twenty-years, the statutory maximum, on count twenty-one, to run concurrently. Price again filed a timely appeal.

---

[1] Price was charged with four counts, and convicted of three counts, in a twenty-one count indictment against thirteen individuals who were alleged to be a part of a narcotics trafficking organization that sold large quantities of cocaine base and heroin in the Gowanus public housing development in Brooklyn, New York.

We review a district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for "abuse of discretion." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). Excluding the quantity of cocaine base, the quantity of heroin alone for which Price was convicted on count one is sufficient to justify a life sentence. As a result, because applying the retroactive amendment to the Guidelines does not result in a lower base offense level, we agree with the District Court that Price is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Finally, Price contends on appeal that U.S.S.G. § 1B.1.10, which instructs federal courts not to "reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2)" below "the minimum of the amended guideline range," is unconstitutional. He is incorrect. The Supreme Court has concluded that § 1B.1.10's binding requirements on sentencing judges do not run afoul of the Sixth Amendment. *See United States v. Dillon*, 130 S. Ct. 2683, 2687 (2010); *see also United States v. Mock*, — F.3d —, No. 09-4154-cr, 2010 WL 2802553, at *3 (2d Cir. July 19, 2010). We therefore cannot say that Price's amended sentence, which was within the amended Guidelines range, was procedurally or substantively unreasonable.

## CONCLUSION

We have considered each of Price's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit