UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------

UNITED STATES OF AMERICA

-against-

ROBERT PRICE,

Defendant.
----------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 25 2016 ★
BROOKLYN OFFICE

D/F

**MEMORANDUM & ORDER**

03-CR-0297-3 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Robert Price's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Appoint Counsel (Dkt. 689); Mot. to Reduce Sentence ("Def.'s Mot.") (Dkt. 710).) For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND

On February 18, 2005, a jury convicted Defendant of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Twenty-One), and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Twenty-Two). (Jury Verdict (Dkt. 334).)

Prior to sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR"), which calculated sentencing options under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). The PSR determined that Defendant was responsible for three kilograms of cocaine base and six kilograms of heroin per year during the course of the eleven-year conspiracy, for a total of 33 kilograms of cocaine base and 66 kilograms of heroin. (PSR ¶ 11.) According to the Drug Equivalency Table in effect at the time, one gram of cocaine base was equivalent to 20 kilograms of marijuana. (Id.) The PSR then

1

determined that Defendant's 33 kilograms of cocaine base were equivalent to 66,000 kilograms of marijuana. (Id.) However, as both parties acknowledge, this was a mathematical error in Defendant's favor: 33 kilograms of cocaine base was then equivalent to 660,000—not 66,000— kilograms of marijuana.[1] (See Def.'s Mot. at 4; Ltr. Addressing Court's Order ("Gov't's Ltr.") (Dkt. 722) at 2.) The PSR then observed that one gram of heroin was, at that time, equivalent to one kilogram of marijuana; accordingly, the PSR correctly calculated that 66 kilograms of heroin was equivalent to 66,000 kilograms of marijuana. (PSR ¶ 11.) Adding 66,000 and 66,000, the PSR determined that Defendant was responsible for the equivalent of 132,000 kilograms of marijuana. (Id.) This drug quantity corresponded to a base offense level of 38 under U.S.S.G. § 2D1.1(c). (Def.'s Mot. at 2; Gov't's Ltr. at 3.) The PSR recommended a four-point enhancement for Defendant's role in the offense, and a two-point enhancement for obstruction of justice, resulting in an adjusted, total offense level of 44 for Count One. (Def.'s Mot. at 2.) Considering Defendant's Criminal History Category of I, the Guidelines recommended a life sentence. (Id.)

On May 20, 2005, the court sentenced Defendant to two concurrent terms of life imprisonment on Counts One and Twenty-One. The court also sentenced Defendant to a consecutive term of five years of imprisonment on Count Twenty-Two. (Id.) On September 10, 2009, following a mandate from the Second Circuit, the court resentenced Defendant on Count Twenty-One to 240 months of imprisonment concurrent to his life sentence for Count One; the court also resentenced Defendant to a concurrent term of five years of imprisonment on Count Twenty-Two. (Amended J. (Dkt. 571) at 2.) The court did not alter the life sentence for Count One. (Id.)

---

[1] If one gram of cocaine base was equivalent to 20 kilograms (or 20,000 grams) of marijuana, then 33 kilograms of cocaine base (or 33,000 grams) multiplied by 20 equals 660,000 kilograms of marijuana.

2

On November 24, 2014, Defendant filed a pro se motion for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), and for the appointment of counsel. (Mot. to Appoint Counsel.) On April 20, 2015, the Government filed a response in opposition, arguing that the quantity of drugs for which Defendant was responsible rendered him ineligible for resentencing. (Gov't's Resp. (Dkt. 706).) On April 27, 2015, the court appointed a public defender to represent Defendant in this matter. (Order Appointing Fed. Pub. Defender (Dkt. 707).) On September 20, 2015, Defendant filed a counseled motion in support of his pro se motion for a reduction in sentence, in which he specifically challenged the Government's drug quantity assertions. (Def.'s Mot.) As these arguments were raised for the first time in Defendant's counseled motion, the court ordered the Government to submit an additional response. (December 12, 2015, Order.) The Government has done so and continues to maintain that Defendant is ineligible for a sentence reduction. (Gov't's Ltr.)

## II. LEGAL STANDARD

Defendant moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Amendment 782 to the Guidelines modified the base offense levels in the Drug Quantity Table at section 2D1.1, thereby lowering the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id.

at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception allowing proportional resentencing for a defendant originally sentenced pursuant to a 5K1 "substantial assistance" letter from the Government). Ultimately, the Guidelines

establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

Defendant maintains that he is eligible for resentencing based on two arguments. First, he asserts that the court is bound by its oral finding at the 2005 sentencing that Defendant was responsible for "an equivalent of well over 30,000 kilograms or more of marijuana." (May 20, 2005, Sentencing Tr. (Dkt. 388) at 9; see Def.'s Mot. at 2 ("Because the Court did not make any calculation beyond [that amount], the Court cannot now make a new fact-finding.").) Assuming the court were indeed bound to a finding of only 30,000 kilograms of marijuana, that quantity would now correspond to a base offense level of 36 (reduced from 38). See U.S.S.G. § 2D1.1(c)(2) (applicable to offenses involving between 30,000 and 90,000 kilograms of marijuana). Accordingly, Defendant argues that maintaining all of his previously imposed enhancements, his new total offense level would be 42 (reduced from 44), which corresponds to an amended Guideline range of 360 months to life imprisonment. (Def.'s Mot. at 2.)

In the alternative, Defendant argues that the court should be bound by its statement at the 2009 resentencing that "the heroin weight alone is sufficient to justify a life sentence." (Sept. 10, 2009, Sentencing Tr. (Def.'s Mot, Ex. A) at 8; see Def.'s Mot. at 3.) According to this argument, the 66 kilograms of heroin for which Defendant was found responsible (see PSR ¶ 11), would correspond to a new base offense level of 36, see U.S.S.G. § 2D1.1(c)(2) (applicable for offenses involving between 30 and 90 kilograms of heroin).

Both of these arguments fail for the simple reason that they do not account for the entirety of the court's sentencing findings. In the Statement of Reasons, the court expressly adopted the PSR without change, thereby adopting the PSR's drug quantity determinations. (See

5

Statement of Reasons (Dkt. 572) (under seal).) See also United States v. Brown, 279 F. App'x 63, 65 (2d Cir. 2008) (holding that a district court's adoption of the PSR in the Statement of Reasons satisfies the requirement to make factual findings at sentencing). Furthermore, the court's oral pronouncements did not contradict the PSR's findings in any way. Accordingly, the court found Defendant responsible for 33 kilograms (or 33,000 grams) of cocaine base and 66 kilograms (or 66,000 grams) of heroin. (See PSR ¶ 11.) Under the current Drug Equivalency Table, one gram of cocaine base equals 3,571 grams of marijuana, and one gram of heroin equals one kilogram (or 1,000 grams) of marijuana. U.S.S.G. § 2D1.1 cmt. 8(D). Therefore, Defendant was responsible for a quantity of cocaine base equivalent to 117,843 kilograms of marijuana, and a quantity of heroin equivalent to 66,000 kilograms of marijuana, for a total of 183,843 kilograms of marijuana. This quantity of marijuana corresponds to a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1), which is the same base offense applied in the PSR and at Defendant's prior sentencings.

A defendant's sentence may only be reduced when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Given the quantity of drugs for which Defendant was found responsible, his recommended Guideline sentence has not been lowered, and therefore he is ineligible for resentencing.

Even if the court had the discretion to reduce Defendant's sentence, it would decline to do so, based on a consideration of the factors outlined in 18 U.S.C. § 3553(a). In imposing a life sentence, the court fully considered the record of Defendant's "decades-long course of extreme violence and predatory and sociopathic conduct and his unquestionable lack of remorse for these crimes." (Sentencing Tr. (Dkt. 388) at 29:25-30:2.) Considering this record again, the court's

determination would not change. See 18 U.S.C. § 3553(a) (requiring courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant").

## IV. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 21, 2016

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge