UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
UNITED STATES OF AMERICA,

        -against-               MEMORANDUM & ORDER

ROBERT PRICE,                   03-CR-297-3 (NGG)

         Defendant.
────────────────────────────────

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Robert Price's *pro se* motion for early termination of supervised release. (Mot. f. Early Term. ("Mot") (Dkt. 830).) The Government opposes this motion. (Gov't Opp. (Dkt. 831).) For the foregoing reasons, Price's motion is DENIED.

I.   BACKGROUND

From 1992 to 2003, Robert Price led an organization that controlled the heroin and crack cocaine trade at the Gowanus Houses in Brooklyn. (Gov't Opp. at 1; Second Addendum to the Presentence Report (Dkt. 805) at 3.) Price was convicted at trial of (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base and one kilogram of more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); (2) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Gov't Opp. at 2-3; Dkt. 334.) The court sentenced Price to two life sentences and five years' imprisonment, to run consecutively, as well as five years' supervised release. (Dkt. 337.)

More than 15 years later, this court, presented with a motion under the First Step Act, held a resentencing hearing and reduced

Price's sentence to time served and five years' supervised release. (Gov't Opp. at 2; Dkt. 827.) Price was released from prison on October 2, 2020 and subsequently began supervision. (*Id.*)[1] He now moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (*See generally* Mot.) Price has served approximately 29 months of a five-year term of supervision.

## II. LEGAL STANDARD

Section 3583(e) provides that the court may, after considering a subset of the factors listed in 18 U.S.C. § 3553(a) "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "Early termination, however, is not warranted as a matter of course." *United States v. Mejia Gonzalez*, No. 09-CR-719 (NGG), 2022 WL 1036630, at *2 (E.D.N.Y. Apr. 6, 2022).[2] "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015.) "Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Filocomo*, No. 02-CR-307 (NGG), 2022 WL 118735, at *1 (E.D.N.Y. Jan. 12, 2022).

---

[1] Price's motion says that he began supervised release on October 3, 2021. (Mot. at 1) This is likely a typographical error, as Price was released from prison in October 2020.

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

### III. DISCUSSION

Price cites his good behavior as the basis for early termination of supervision. (Mot. at 2.) Following release, Price has remained employed, stayed arrest-free, finished a mandatory drug treatment program, completed classes to obtain a commercial driver's license, and complied with all rules set for him. (*Id.*) The Government finds Price's behavior "encouraging" but argues that he has presented no changed circumstances warranting early termination of supervision. (Gov't Opp. at 3.) It also contends that termination at this juncture would also be inconsistent with the § 3553(a) factors. (*Id.*)

Price's behavior since commencing supervision is certainly commendable. He has been compliant with all conditions placed on him and has endeavored to start anew. This is no easy feat for someone who was incarcerated for 208 months.

But Price has not presented any changed circumstances that this court did not consider when it imposed a five-year term of supervision in October 2020. Compliance with the terms of supervised release is expected, *Lussier*, 104 F.3d at 36, and Price has not shown that his behavior has been so exceptionally good as to warrant a modification. The court thus has no reason to believe that the sentence it imposed in 2020 was "too harsh" or "inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* The severe nature of Price's underlying conduct also weighs against early termination. *See* § 3553(a)(1).

### IV. CONCLUSION

The court applauds Price's compliance with the terms of his supervised release and his apparent efforts to lead a productive and law-abiding life. However, the factors that guide any decision to modify a term of supervision do not favor early termination here. Accordingly, Price's motion for early termination of supervised

release is DENIED. The Government is DIRECTED to inform the Probation Department and Mr. Price of this denial.

SO ORDERED.

Dated: Brooklyn, New York
April 3, 2023

                                        s/Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge